In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00701-CR


____________


J. T. HOLMES, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 858,122






O P I N I O N

 Appellant was charged by indictment with possession with intent to deliver a
controlled substance. The indictment contained one enhancement paragraph. The jury found
appellant guilty as charged. Appellant pled true to the enhancement paragraph, the jury
found the enhancement to be true, and the jury assessed punishment at 15 years in prison.




 BACKGROUND

 Following a drug purchase by a confidential informant, Houston Police officers
obtained a search warrant to search appellant's apartment. Officer King, along with other
officers of the Houston Police Narcotics Division, executed the search warrant.

 Appellant and four other individuals were in his apartment. Upon entering the
apartment, the officers observed appellant sitting in a chair by the front door. The officers
also saw another man run from the front room into the kitchen as they came into the
apartment. Next to appellant's chair was a pill bottle filled with 42.8 grams of crack cocaine. 
Three other individuals were found in different rooms in the apartment. Of the four other
individuals in the apartment, one was found with a crack pipe, another was found with .2
grams of crack cocaine, and a third had with one rock of crack cocaine. 

 DISCUSSION


 In his only point of error, appellant argues that the evidence was factually insufficient
to support his conviction.

Standard of Review

 In reviewing the evidence on factual sufficiency grounds, all of the evidence as a
whole must be reviewed, and not only in the light most favorable to the prosecution. Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). After reviewing the evidence, we
will not deem the evidence to be factually insufficient unless (1) it is so weak as to be clearly
wrong and manifestly unjust or (2) the adverse finding is against the great weight and
preponderance of the available evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000). However, in a factual sufficiency review, the appellate court should not
substitute its own judgment for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648
(Tex. Crim. App. 1996).

 In order to establish the unlawful possession of a controlled substance, the State must
prove two elements: (1) the accused exercised care, control, and management over the
contraband and (2) the accused knew that the matter possessed was contraband. Guiton v.
State, 742 S.W.2d 5, 8 (Tex. Crim. App. 1987); Gilbert v. State, 874 S.W.2d 290, 298 ( Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd). 

 When the accused is not in exclusive control of the place where the contraband is
found, the State must show additional affirmative links between the accused and the
contraband. Gilbert, 874 S.W.2d at 298. Factors that may establish such affirmative links include, but are not limited to the
following: (1) the contraband was in plain view; (2) the contraband was conveniently
accessible to the accused; (3) the accused was the owner of the place where the contraband
was found; (4) the place where the contraband was found was enclosed; (5) paraphernalia
to use the contraband was in view of or found on the accused; (6) conduct by the accused
indicated a consciousness of guilt; and (7) the accused had a special connection to the
contraband. Id. at 298. The number of factors present is not as important as the logical force
the factors have in establishing the elements of the offense. Id. at 298.

 


Evidence Favorable to the verdict

 At trial, Officer King testified that a pill bottle filled with 42.8 grams of crack cocaine
was on the floor "just to the right" of the chair in which appellant was seated. Officer King
testified that they did a field test on the contents of the pill bottle and confirmed it was crack
cocaine. She also testified that the apartment was leased to appellant and a bill was found
in the apartment addressed to appellant at the apartment's address. Officer King also
explained that three of the four other individuals in the apartment were all in different rooms
and not near the pill bottle. In addition, Officer King stated that 42.8 grams of crack cocaine
was not for normal personal use and .2 grams was about standard for personal use. 

 Officer Wiltz testified that, upon entering the apartment, he immediately noticed the
pill bottle "right next to the chair [appellant] was sitting in."

 Sergeant Whitaker testified that, in his experience and training, the amount of crack
cocaine found in the pill bottle near appellant indicated an intent to deliver. 

Evidence Unfavorable to the verdict

 Appellant and four other individuals were in his apartment. One of the individuals,
Mr. White, ran out of the room when the police broke down the door. On cross-examination,
Officer King said she could not be certain where White was sitting in the room. Appellant
did not move when police rushed into the apartment. Al Padilla, the latent-printexaminer
with the Houston Police Department, testified that he found no fingerprints on the pill bottle. 




Analysis

 On appeal, appellant's only argument is that the evidence is factually insufficient
because he was convicted "solely because of the fact that the apartment was leased to him." (1) 
However, the State presented evidence at trial that appellant was seated near the pill bottle
that contained 42.8 grams of crack cocaine. Both Officer King and Officer Wiltz testified
to the close proximity of the pill bottle to where appellant was seated. Officer King testified
that three of the other individuals were in different rooms in the apartment and not near the
pill bottle. The defense presented no witnesses at trial. (2) The jury is the exclusive judge of
the facts, the credibility of the witnesses, and the weight to be given to the witnesses'
testimony. Penegraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). 

 After reviewing the evidence, we find that (1) the evidence was not so weak as to be
clearly wrong and manifestly unjust and (2) the adverse finding was not against the great
weight and preponderance of the available evidence. Accordingly, we overrule appellant's
only point of error. 

 We affirm. 

 


 


 Sam Nuchia

 Justice


Panel consists of Chief Justice Schneider and Justices Nuchia and Radack.

Do not publish. Tex. R. App. P. 47.
1. Appellant also argues that he did not match the weight description in the search
warrant. However, that is irrelevant to the determination of whether the evidence was
factually sufficient to support his conviction, and we need not address it. 
2. Appellant argues on appeal that he did not live in the apartment alone. However,
appellant provides no support for this contention and only states that there was an
individual found in the first bedroom and it is a two bedroom apartment.